NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ISAAC A. ISAIAH,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2016-2357

---

Petition for review of the Merit Systems Protection Board in No. DE-0752-15-0514-I-1.

---

Decided: December 9, 2016

---

ISAAC A. ISAIAH, Tempe, AZ, pro se.

SARA B. REARDEN, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

---

Before PROST, *Chief Judge*, NEWMAN and LOURIE, *Circuit Judges.*

PER CURIAM.

Dr. Isaac A. Isaiah petitions for review of the final decision of the Merit Systems Protection Board ("Board") in *Isaiah v. Department of Health and Human Services*, MSPB Docket No. DE-0752-15-0514-I-1. In its initial decision, the Board determined that Dr. Isaiah was not discriminated against as he claimed in his petition. In its final decision, the Board dismissed Dr. Isaiah's petition for review of the initial decision on the ground that the petition for review was untimely. We affirm the Board's final decision.

I

Dr. Isaiah was employed as a Medical Officer (General Surgery) with the Indian Health Service, Rosebud Service Unit in Rosebud, South Dakota under the Department of Health and Human Services ("Agency"). On August 29, 2013, Dr. Isaiah retired from his position. Dr. Isaiah then filed an Equal Employment Opportunity ("EEO") Complaint with the Agency alleging that his retirement was coerced because he was discriminated against based on his race, national origin, age, and as retaliation for his prior EEO activity. He also alleged that he was subjected to a hostile work environment. On July 17, 2015, the Agency issued a final agency decision finding that Dr. Isaiah was not discriminated against and therefore no corrective action was required. Dr. Isaiah subsequently filed an appeal with the Board.

On October 23, 2015, the Board's administrative judge issued an initial decision finding that Dr. Isaiah failed to prove by preponderant evidence that his retirement was involuntary and dismissed Dr. Isaiah's appeal for lack of jurisdiction. The initial decision stated that the decision would "become final on **November 27, 2015**, unless a petition for review [was] filed by that date." Resp't's App. 21.

On December 3, 2015, Dr. Isaiah petitioned the full Board to review the administrative judge's initial deci-

sion.   Upon receiving Dr. Isaiah's petition, the MSPB's Office of the Clerk issued a letter notifying Dr. Isaiah that his petition was untimely filed because it was not post-marked or received on or before the November 27 dead-line.   The Clerk further notified Dr. Isaiah that he may file a "Motion to Accept as Timely or to Waive Time Limit" and that he must "include a statement, signed under penalty of perjury, or . . . an affidavit . . . showing that [the] petition was timely filed . . . or that there is good cause for the late filing" with the motion.   Resp't's App. 34.

In response, Dr. Isaiah's representative submitted a statement that he had received the initial decision on October 24, 2015, and attempted to file the petition for review on November 27, 2015, by logging into the MSPB website and following the instructions.   The representa-tive further stated that he received data at the end of the filing process causing him to believe that the filing was complete.   However, the filing in fact was not completed and the representative received several "notice[s] that appeared to indicate that although the filing process had been started, it had not been completed."   Resp't's App. 31.

On May 17, 2016, the Board issued its final decision dismissing Dr. Isaiah's petition for review as untimely filed.   The Board found that as a registered e-filer, Dr. Isaiah received the initial decision on October 23, 2015, and that his petition for review was due thirty-five days later, on November 27, 2015.   Because Dr. Isaiah filed his petition on December 3, 2015, the petition was six days late.

## II

On appeal, Dr. Isaiah asks us to reverse the Board's final decision to dismiss his untimely petition for review

because he has shown good cause for the delay.[1]  The Board may waive the filing deadline for a petition for review upon a showing of good cause for the delay.  *See* 5 C.F.R. § 1201.22.  In determining good cause, the Board may consider:

> the length of the delay; whether appellant was notified of the time limit or was otherwise aware of it; the existence of circumstances beyond the control of the appellant which affected his ability to comply with the time limits; the degree to which negligence by the appellant has been shown to be present or absent; circumstances which show that any neglect involved is excusable neglect; a showing of unavoidable casualty or misfortune; and the extent and nature of the prejudice to the agency which would result from waiver of the time limit.

*Walls v. Merit Sys. Prot. Bd.*, 29 F.3d 1578, 1582 (Fed. Cir. 1994).

"[W]hether the regulatory time limit for an appeal should be waived based upon a showing of good cause is a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board."  *Mendoza v. Merit Sys. Prot. Bd.,* 966 F.2d 650, 653 (Fed. Cir. 1992).  This court will affirm the Board's decision unless the decision is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with

---

[1]    Dr. Isaiah also asks us to review the merits of his discrimination case.  However, "we are powerless to consider the merits of his case as he requests.  We are not a trial court and can function only on the appellate level.  Our authority is limited to a review of the Board's decision."  *Rowe v. Merit Sys. Prot. Bd.*, 802 F.2d 434, 436 (Fed. Cir. 1986).  As such, we limit our review to whether the Board properly dismissed Dr. Isaiah's petition.

law; (2) obtained without following the procedures required by law; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c).

Here, the Board did not abuse its discretion by declining to excuse Dr. Isaiah's delay in filing his petition. As the Board noted, if Dr. Isaiah's representative attempted to file the appeal on November 27 and December 1, 2015, without completing either, the e-Appeal system would have sent Dr. Isaiah and his representative multiple automatically generated email reminders warning him that the filing process was not yet completed. Yet, Dr. Isaiah failed to take corrective action until six days after the deadline. Although a six-day delay is not particularly egregious, the Board is well within its discretion to reject an untimely petition that is six days late. *See, e.g., Rowe*, 802 F.2d at 436 (affirming Board's dismissal of a petition filed four days late); *Moorman v. Merit Sys. Prot. Bd.*, 79 F.3d 1167 (Fed. Cir. 1996) (per curiam) (unpublished table decision) (affirming Board's dismissal of a petition filed three days late). The Board also properly found that Dr. Isaiah's counsel was familiar with the e-Appeal system considering the "numerous pleadings he filed through e-Appeal below" and could not, therefore, plausibly plead ignorance of the e-Appeal system. Resp't's App. 5.[2]

---

[2] The Board also found that Dr. Isaiah failed to submit an affidavit stating that he attempted to file the appeal on November 27, 2015, and contacted the Board's technical support to resolve technical issues. However, Dr. Isaiah did submit a sworn statement to that effect. *See* Resp't's App. 31. We thus decline to adopt that factual finding of the Board. However, because this finding was only one of three bases on which the Board premised its final decision, the Board's error does not change the outcome of this case.

Accordingly, we find that substantial evidence supports the Board's decision and we affirm the Board's holding.

**AFFIRMED**

COSTS

Each party shall bear their own costs.